

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Joseph H. Mims
County Attorney
Box 1402
Midland, Texas

Dear Sir:

Opinion No. O-7305
Re: Sufficiency of form of an
    information, drawn under
    Article 6687b, Section 34,
    V.A.C.S.

     This acknowledges receipt of your letter of recent date, which reads:

     "Herewith is a copy in duplicate of an information filed in the County Court of Midland County, Texas, upon which we expect to go to trial next month.

     "Please give us an opinion whether or not the complaint and information in this form is objectionable and whether we can safely depend on the allegations without valid objections from defendant. There appears to be no form in Wilson's Criminal Forms to cover a case of the kind.

     "The complaint and information is for a violation of Art. 6687b, Sec. 34.

     "If the information is not in correct form, will you please draw one."

     The information reads:

     "IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, I, Joe Mims, County Attorney of the County of Midland, State of Texas at this, the July Term A. D., 1946, of said court, comes in behalf of the State of Texas and in connection with the complaint of J. D. White, herein filed, presents, in and to said county court

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

that in said county and state, on or about the 31st day of May, A. D., 1946, Eburn Milton Watkins did then and there unlawfully operate and drive a motor vehicle upon a public highway there situate, to wit, U. S. Highway No. 80, the operators license of the said Eburn Milton Watkins then and there being suspended by reason of a conviction of the said Eburn Milton Watkins for driving a motor vehicle upon and over a public highway in Texas while under the influence of intoxicating liquors, said conviction occurring on or about the 30th day of March, 1946, in the County Court of Shackelford County, Texas, in cause No. 2359, styled The State of Texas vs. E. M. Watkins, on the docket of said court, and said conviction under law carrying with it an automatic suspension of the operator's license of the said Eburn Milton Watkins for a period of six months from date of said conviction, to wit, from date of March 30, 1946, against the peace and dignity of the State.

Joe Mims<br>
County Attorney of Midland County,<br>
said State."

Article 6687b, Section 34, provides:

"Any person whose operator's, commercial operator's, or chauffer's license or driving privilege as a non-resident has been cancelled, suspended, or revoked as provided in this Act, and who drives any motor vehicle upon the highways of this State while such license or privilege is cancelled, suspended, or revoked is guilty of a misdemeanor, and, upon conviction, shall be punished by fine of not less than Twenty-five Dollars ($25), and not more than Five Hundred Dollars ($500), and, in addition thereto, there may be imposed a sentence of imprisonment not to exceed six (6) months."

For purposes of this opinion we assume that there has been compliance with all requirements regarding the complaint. See 23 Tex. Juris. 601-603, sections 12, 13.

"An indictment or information consists of four prominent parts; (1) the caption, (2) the commencement, (3) the charge, (4) the conclusion", 23 Tex. Juris 610, Section 17.

The information quoted supra meets the requirements of (1), (2), and (4), hence no discussion of these parts is necessary.

As to (3), the charge:

"In charging the offense the sufficiency of an information is tested by the rules applicable to an indictment. Under either method of instituting a prosecution the defendant is entitled to be informed of the nature of the accusation against him. The constituent elements of the offense and every fact or circumstances necessary to a complete description thereof should be alleged; . . ." 23 Tex. Juris. 619, section 23.

Applying the foregoing test, it appears that the charge in the aforementioned information meets those requirements. It is, therefore, the opinion of this department that the form of the said information is sufficient.

Trusting that the foregoing fully answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Assistant

By William E. Stapp
Assistant

WES:zd

